UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TESMONE DARIN PASCHAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:05-CR-118-RLJ-HBG-1 |
| | ) | 3:16-CV-363-RLJ |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 66]. The United States responded in opposition on August 10, 2016 [Doc. 69]. Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons below, Petitioner's § 2255 motion [Doc. 66] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.     BACKGROUND**

In 2006, Petitioner pled guilty to possessing with intent to distribute at least fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and possessing firearms as a felon, in violation of 18 U.S.C. § 922(g)(1) [Doc. 31]. Petitioner faced a statutory maximum of ten years' for the firearms offense and, because he had two prior Tennessee drug convictions, a statutorily-mandated minimum penalty of life imprisonment for his drug offense [*Id.*; Doc. 25]. Based on the same two prior Tennessee drug convictions, the United States Probation Office deemed Petitioner to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines with a resulting Guideline range of 262 to 327 months' incarceration [Presentence Investigation Report (PSR) ¶¶ 27, 36, 37, 72]. After granting the United States' request for a

downward departure from the statutorily-mandated life term of imprisonment, this Court sentenced Petitioner to an aggregate 300-month term of incarceration [Doc. 43 (consisting of 300 months for the drug offense and a concurrent term of 120 months for the firearms offense)]. No appeal was taken and, as a result, the judgment became final for purposes of § 2255(f)(1) on April 28, 2007, at expiration of time to file the same. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (an unappealed judgment of conviction becomes final when the fourteen-day period for filing a direct appeal has elapsed); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within [fourteen]-days after . . . the entry of . . . judgment.").

The United States Supreme Court decided *Johnson v. United States*—invalidating the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)—on June 26, 2015. 135 S. Ct. 2551 (2015). Petitioner filed the instant petition for collateral relief less than one year later, on June 20, 2016 [Doc. 66 (challenging his career offender enhancement in light of the *Johnson* decision)]. On November 6, 2016, Petitioner's aggregate sentence was reduced from 300 months to 188 months as the result of an executive grant of clemency [Doc. 70].

## II. TIMELINESS OF PETITIONER'S CLAIMS

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the

2

date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (U.S. 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). It is yet to be seen whether the same is true of the "new rule" that results from application of *Johnson*'s reasoning in the Guideline context. *See Pawlak v. United States*, 822 F.3d 902, 911 (6th Cir. 2016) (holding that *Johnson*'s vagueness analysis applies equally to the Guidelines and, as a result, that the parallel residual provision contained in Section 4B1.2 was void for vagueness); *but see In re Embry*, No. 16-5447, 2016 WL 4056056, at *1 (6th Cir. July 29, 2016) (recognizing that "it is not clear whether to treat *Pawlak* as a new rule that the Supreme Court has not yet made retroactive [to cases on collateral review] or as a rule dictated by *Johnson* that the Supreme Court has made retroactive"). The Court finds that it need not resolve the issue here, however, because the *Johnson* decision has no impact on Petitioner's case.

### III. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting

3

*Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## IV. ANALYSIS

Petitioner articulates a single ground for relief, arguing that the *Johnson* decision removed his drug offenses from Section 4B1.2's definition of "crime of violence" and, as a result, he lacks sufficient predicate offenses for career offender enhancement [Doc. 66].

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.* Nor did *Johnson* disturb the use of prior serious drug offenses.

Section 4B1.1 classifies a defendant as a career offender if (1) he or she was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense

4

of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he or she has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S. Sentencing Manual § 4B1.1(a). Only Petitioner's satisfaction of the third prong—possession of two qualifying predicate convictions—is disputed [Doc. 66].

"Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

The validity of Petitioner's sentence thus depends on whether two or more of his prior convictions qualify as "crimes of violence" under one of the unaffected provisions of Section 4B1.2(a) or as "controlled substance offenses" under Section 4B1.2(b). *See e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n. 1 (2016). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions—elements—of a prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

5

Review of Petitioner's PSR reveals that a sufficient number of his prior convictions categorically qualify as predicate offenses independent of the residual clause and, as a result, the Court finds that he has failed to demonstrate an entitlement to collateral relief.

Both prior Tennessee drug convictions [PSR ¶¶ 36, 37], involved the possession of a controlled substance with intent to distribute or manufacture and carried a maximum penalty in excess of one year incarceration and, as a result, were properly classified as predicate convictions under Section 4B1.1(a)(3). *See, e.g.*, *United States v. Jenkins*, 613 F. App'x 754, 755 (10th Cir. 2015) (deeming *Johnson* "irrelevant" where enhancement stemmed from drug offenses).

## IV. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motion [Doc. 66] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge